NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2093
_____

UNITED STATES OF AMERICA

v.

WILLIE PURDOM,
                         Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-13-cr-00046-001)

District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2014

Before:  MCKEE, *Chief Judge*, RENDELL, SLOVITER, *Circuit Judges*

(Filed: December 15, 2014)

_____

OPINION*

_____

―――――――――――――

*  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SLOVITER, *Circuit Judge*.

Willie Purdom appeals his judgment of sentence following the revocation of his supervised release. Purdom challenges the reasonableness of his sentence on procedural and substantive grounds. He also challenges the District Court's imposition of a special search condition as part of his one-year term of supervised release. We will affirm the District Court's judgment.[1]

I.

On December 15, 2005, Purdom, who pled guilty, was sentenced by the United States District Court for the Southern District of Texas to a 63-month term of imprisonment to be followed by a five-year term of supervised release for conspiracy to possess with intent to distribute one kilogram or more of heroin. While on supervised release, Purdom was twice convicted of possessing over fifty stamp bags of heroin. The second arrest occurred the day before Purdom was scheduled to appear in the District Court for a revocation hearing. The Probation Office accordingly filed a petition, which was transferred by the Southern District of Texas to the Western District of Pennsylvania, to revoke Purdom's supervised release. The petition detailed four violations of Purdom's supervised release. Purdom admitted to all four at his revocation hearing.

While Purdom did not contest the calculation of his 30-to-37 months Guidelines range, he did request a sentence ranging from 18-to-24 months. His counsel highlighted the following considerations: (1) mitigating circumstances surrounding Purdom's original

_____

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

offense; (2) Purdom's age—sixty-five years old; (3) Purdom's poor health—Hepatitis C and past kidney failure issues; (4) insufficient medical treatment he allegedly received in state custody; and (5) his ineligibility to participate in a Bureau of Prisons drug-treatment program. Purdom argued that those considerations rendered a sentence ranging from 30-to-37 months greater than necessary under 18 U.S.C. § 3553(a).

The District Court sentenced Purdom to a 30-month prison term followed by a one-year term of supervised release. The District Court stated she "gave serious consideration to the guidelines" and thoroughly explained her rationale. App. at 65. Importantly, the District Court explained that it "sentence[d] [Purdom] at the low end of the guideline range *for the reasons that the Defendant put on the record*." App. at 63 (emphasis added). The court acknowledged that it had to "look at a number of factors," and stressed both "the nature and circumstances of the offense and the history and characteristics of the Defendant" and "the need to afford adequate deterrence." App. at 61-63. It also considered Purdom's age and health. The District Court found "most troubling" Purdom's two convictions while on supervised release and concluded that his requested sentencing range would not serve the deterrent purposes of criminal sentencing. App. 62-64. The District Court stated that it would recommend Purdom's placement "in the appropriate prison that can handle these two [health] conditions." App. at 63. The District Court also imposed a special search condition during Purdom's supervised

3

release.[2] Purdom did not contemporaneously object to the condition at the hearing. This appeal follows.

## II.

This appeal presents the question of whether the District Court erred procedurally or substantively by imposing the 30-month sentence at Purdom's revocation hearing. Purdom argues that his sentence is procedurally unreasonable because the District Court "failed to address" and "did not explain its reasons for rejecting counsel's" requested lower sentence.[3] We review the District Court's sentence for abuse of discretion and "we accord great deference to a district court's choice of final sentence."[4] What we require is "an explanation sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)."[5]

As discussed in Section I, contrary to Purdom's contention, the District Court *did* consider Purdom's argument for a below-Guidelines sentence. The District Court rationalized sentencing Purdom to the low end of the Guidelines in a manner that makes

---

[2] The District Court imposed the following search condition:

> The Defendant shall submit his person, property, house, residence, vehicle, papers, business, or place of employment to a search conducted by a United States probation or pretrial services officer at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition. App. at 65.

[3] Appellant's Br. at 17.
[4] *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007).
[5] *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

it abundantly clear that it understood the arguments and the individual circumstances of Purdom's case. In its colloquy with Purdom, the District Court addressed Purdom's health, age, the "troubling" nature of his multiple drug convictions while on supervised release, the financial motive underlying Purdom's drug crimes, and the need for deterrence. Accordingly, the District Court's discussion satisfies us that it gave "meaningful consideration" to the § 3553(a) factors and did not abuse its discretion.

Purdom further asserts that his sentence is substantively unreasonable. "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries."[6] "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[7] Purdom did not receive a below-Guidelines sentence, as requested, based largely on the fact that he was arrested twice for controlled substance offenses while on supervised release. The record indicates that the District Court meaningfully assessed the totality of the facts in Purdom's case and imposed a reasonable sentence. Accordingly, the District Court did not abuse its discretion by imposing a 30-month sentence.

### III.

Purdom also challenges the imposition of the special search condition in his one-year term of supervised release. The condition is subject to a plain error standard of review because Purdom failed to state a contemporaneous objection to the search

---

[6] *Tomko*, 562 F.3d at 567.
[7] *Id.* at 568.

condition. A plain error must be one "that affects substantial rights."[8] "[I]f there is plain error, we *may* correct it, but we *must* correct it only if it seriously impacts the fairness of the judicial system."[9]

Under 18 U.S.C. § 3583(d), a district court may order a "further condition of supervised release," so long as the condition satisfies three requirements. First, the condition must be "reasonably related" to the sentencing factors of 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D).[10] The "reasonably related" requirement "is not an especially high standard."[11] Nonetheless, "a condition with no basis in the record, or with only the most tenuous basis will inevitably" violate the requirement.[12]

Purdom argues that the District Court did not rationalize the condition on the record. Assuming that is so, there are two choices if this court concludes that "a district court has failed to make clear why it imposed a particular condition of supervised release."[13] "Either we may remand to the district court for further explanation or we may affirm the condition if we can ascertain any viable basis for the restriction in the record."[14] Given the circumstances surrounding the revocation of Purdom's supervised release, namely his two convictions while on supervised release, there was clearly a viable basis in the record for the special search condition. Based on the District Court's

---

[8] Fed. R. Crim. P. 52(b); *see also United States v. Pruden*, 398 F.3d 241, 248 (3d Cir. 2005).

[9] *Id.* at 248.

[10] 18 U.S.C. § 3583(d)(1).

[11] *Pruden*, 398 F.3d at 249.

[12] *Id.*

[13] *United States v. Murray,* 692 F.3d 273, 281 (3d Cir. 2012).

[14] *Id.* (internal quotation marks and ellipsis omitted).

evident and understandable concern that Purdom would once again begin selling drugs while on supervised release, the search condition satisfies the "reasonably related" requirement.

Second, the condition must achieve its objective without imposing a "greater deprivation of liberty than is reasonably necessary."[15] This court has a three-factor test "for assessing whether a supervised release condition is overbroad."[16] The substantive breadth is limited by the requirements that the search be conducted "at a reasonable time and in a reasonable manner" and be "based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision." App. at 4. The duration was limited to the one-year period of supervised release. Lastly, given Purdom's experience in continuing to engage in drug-related activity while on supervised release, the facts underlying the conviction clearly support the District Court's good-faith effort to have Purdom avoid similar activity upon his release from prison. Therefore, the search condition does not impose a greater deprivation of liberty on Purdom than necessary.

Accordingly, Purdom has failed to satisfy his burden of demonstrating that it was a plain error for the District Court to impose the special search condition.[17]

_____

[15] 18 U.S.C. § 3583(d)(2).

[16] *United States v. Albertson*, 645 F.3d 191, 198 (3d Cir. 2011) (internal quotation marks omitted) ("We consider the scope of the condition first with respect to substantive breadth," "second with respect to its duration," and third "the severity of the defendant's criminal conduct and the facts underlying the conviction.").

[17] As to the third requirement for conditions of supervised release, Purdom does not suggest that the condition is inconsistent "with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3). Nor does there appear to be a policy statement issued by the Commission suggesting the impropriety of special search

Lastly, Purdom argues that the condition violates his Fourth Amendment rights. Purdom fails to support this contention with any authority. In light of the reasonable suspicion requirement on the search condition, this argument is clearly refuted by the Supreme Court's holding in *Samson v. California*.[18] In *Sansom*, the Court held that "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee."[19] The condition at issue does not permit suspicionless searches; instead it includes several "reasonableness" requirements that protect Purdom's privacy interests. Accordingly, the special search condition does not violate the Fourth Amendment.

IV.

For the reasons set forth, we will affirm the sentence including the special search condition imposed by the District Court.

---

conditions for a violation of supervised release in circumstances similar to those presented in this case.

[18] 547 U.S. 843 (2006).

[19] *Id*. at 857.